PASS CANNING COMPANY *v.* CHARLES H. TORSCH.

[40 South. Rep., 228.]

1. EVIDENCE. *Improper admission. Cure of error.*

Error in allowing parol evidence that a party signed a contract of a certain date is cured if the contract be subsequently introduced.

2. CONTRACT. *Action for breach.*

Where plaintiff has a right to recover property under a contract with defendant and defendant refuses to permit him to take it, there is a right of action on the contract, and a conversion of the property by the defendant to his own use need not be proved.

FROM the circuit court of Harrison county.

HON. WILLIAM T. McDONALD, Judge.

Torsch, the appellee, was the plaintiff in the court below; the Pass Canning Company, the appellant, was defendant there. The suit was for the value of oyster shells which the plaintiff claimed under a lease contract giving him the right to remove the shells. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

*L. H. Doty,* for appellant.

The circuit court was in error in admitting in evidence, over the objection of the appellant, the written contract between the appellee and the appellant for the lease of the plant of the Pass Canning Company. The contract itself was wholly immaterial to the issue involved, and should not have been admitted in evidence. The introduction of this contract was misleading; it

misled the jury into finding for the appellee. This is contrary
to the well-established rules of evidence governing the trial of
issues of this character. If this contract had not been admitted
in evidence, the jury would not have found a verdict for the
appellee. It was error for the circuit court to admit in evidence
parol testimony to prove the contents of a written instrument
made and entered into by and between the appellee and the
Mississippi oyster commission for the sale of oyster shells.
Before the contract of sale was introduced—assuming that the
same was competent in this case—it was necessary, first, to have
introduced evidence to account for the loss of the written con-
tract itself. There was no effort made by the appellee to show
that this contract was lost and could not be found; therefore, the
evidence admitted by the court was secondary and inadmissible.
On well-settled principles of evidence, it is unnecessary to cite
authorities to show that such evidence as here introduced is
incompetent, because it is one of the fundamental principles of
the rule of evidence that before secondary evidence is competent
there must be something to show that the best evidence cannot be
obtained or is lost and cannot be accounted for. The paper itself
—that is to say, the contract—was the best evidence.

There is manifest error in the charge given for the appellee.
This was a suit brought at the instance of the appellee against
the appellant for oyster shells claimed to have been converted to
the use of appellant; yet there is no testimony to show that the
appellant ever converted to its use the shells sued for, and it
follows that the action of the circuit court, in admitting testi-
mony to prove by parol the contents of a written instrument and
the giving of the instruction for the appellee, must be reversed.

*John J. Curtis,* for appellee.

While the contract of appellee with the oyster commission was
referred to, the reference was wholly collateral; and although,
on redirect examination, it was shown to witness, it was only

for the purpose of refreshing the memory of witness as to his knowledge of the quantity of the oyster shells, or estimate of same made by him, and to show that no delivery of shells was made, after the date of the contract, to any one other than the oyster commission.

It is not necessary in this case to invoke even that well-established rule of evidence, that where the matter to be proved is simply the fact that a contract had been made, as distinct from its terms or provisions, the "best-evidence" rule does not apply and parol evidence is admissible; or where the terms of a written instrument are collateral to the issue, they may be proved by parol evidence, without producing the writing or accounting for its absence. And this is equally true of that other rule with reference to "assisting the memory of a witness," as concisely expressed in Greenl. on Ev., secs. 436-438.

The proof in this case would have been sufficient to waive the tort, and sue in assumpsit, before the adoption of the codes of 1880 and 1892. Suffice it to say that all further discussion of this is now useless and idle by reason of these code provisions. Code 1880, § 1536; Code 1892, § 671; *Evans* v. *Miller,* 58 Miss., 125.

CALHOON, J., delivered the opinion of the court.

Torsch, the appellee, sued the canning company, the appellant, for the value of oyster shells which he proved that appellant had forbidden him to remove. To show his right to remove them, he offered in evidence a clause in a long, written contract between him and appellant, which clause gave him the right to remove them between certain named dates. This was objected to on the sole ground that the contract was not proved. Appellee then proved the contract, and again offered to read the clause. The only objection then made was "for the reason the same has no bearing on this cause, and is, therefore, immaterial and incompetent." This was overruled and exception taken. The whole

of the written contract is in the record before us, and it is plain that the clause was material; and if objection had been made that the whole of the contract was not offered, it is equally clear that the rest of the contract was in no degree material, and all would, or could, have been offered. But there was no complaint in the court below on this ground.

In the progress of the trial a witness for appellant, having testified that he could not approximate the number of barrels of shells on hand at a certain date, was asked, on cross-examination by appellee, whether he had not signed a certain other contract between the oyster commission and appellee on April 30, 1903, for thirty-five thousand barrels of shells. To this objection was made, without giving any reason therefor; the court overruled the objection, and exception was taken. The reason now given, for the first time, in this court is that it was allowing parol evidence of a written contract. Now, the only use of this other contract in the present case was its date and the signature to it by the witness to verify the date. If there could be a sound objection to this, all difficulty vanishes when it is seen that the appellant produced, on reëxamination of that very witness, the identical contract, showing the signature of the witness and the date.

The only complaint of the solitary instruction given for the appellee is that there is no evidence of conversion of the shells by appellant to its own use. This was an action on contract for the value of the shells, not an action in trover, and it is abundantly shown that appellee had the right to them, and that appellant refused to permit him to take them under the contract between them; and the instruction is based on this only, and not on conversion.

*Affirmed.*